UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HAROLD L. ANDREU,

                Petitioner,

vs.                        Case No. 3:12-cv-1031-J-99TJC-TEM

SECRETARY OF THE UNITED
STATES BUREAU OF PRISONS,

                Respondent.

_____

**REPORT AND RECOMMENDATION**[1]

Petitioner, a prisoner who is currently in the custody of the Florida Department of Corrections, initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) (hereinafter Petition).  He is currently confined at Lawtey Correctional Institution of the Florida Department of Corrections.  In the Petition, Petitioner is apparently challenging his sentence entered by this Court in Case Number 3:89-cr-228-J-20TEM[2] and seeking credit against his federal sentence for time served in state custody.  Upon review of the Petition and the request for relief,

_____

[1] Any party may file and serve specific, written objections hereto within **FOURTEEN (14) DAYS** after service of this Report and Recommendation.  Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); and Local Rule 6.02(a), United States District Court for the Middle District of Florida.

[2] The Court takes judicial notice of the documents in Petitioner's case file in Case Number 3:89-cr-228-J-20TEM.

and for the reasons stated, it is respectfully **RECOMMENDED** that the case be **DISMISSED WITHOUT PREJUDICE**.

The following facts are pertinent.  On March 21, 2007, this Court entered an order of Supervised Release Revocation and Judgment and Commitment.  <u>See</u> Case Number 3:89-cr-228-J-20TEM (Doc. #203).  Petitioner had previously been sentenced for a number of offenses and was placed on supervised release for a term of five years.  <u>Id</u>. at 1.  The Court found Petitioner violated the terms of the supervised release.  <u>Id</u>. at 2.  The term of supervised release was revoked, and Petitioner was "committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **thirty (30) months, to run consecutively to the Defendant's term of imprisonment imposed in Marion County, Florida Court, Docket Number 01-163-CF-M-A-X.**"  <u>Id</u>.  The Court also directed that upon Petitioner's release from imprisonment, he be placed on supervised release for a term of two years.  <u>Id</u>.  Petitioner appealed his sentence, and the Eleventh Circuit affirmed per curiam.  <u>See</u> Case Number 3:89-cr-228-J-20TEM (Doc. #211).

Although the Petition is not a model of clarity, it appears that Petitioner is attempting to raise the following grounds: (1) Petitioner's federal sentence in Case Number 3:89-cr-228-J-20TEM is being enhanced by his state sentence, and he is seeking credit for

the federal time while serving his state sentence;[3] (2) Petitioner is seeking to have his federal sentence run concurrently with his state sentence; (3); Petitioner is seeking to have the Federal Bureau of Prisons (hereinafter BOP) indirectly award credit for the time Petitioner is serving in state prison by designating, *nunc pro tunc*, the state prison as the place in which Petitioner serves a portion of his federal sentence; and (4) Petitioner is seeking to have the sentencing enhancement overturned.   At the end of the Petition, Petitioner requests "that this honorable court grant this petition, overturn the sentencing enhancement or award '*nunc pro tunc*' for time allowed to be served in state court." Id. at 9-10.

This case is due to be dismissed because Petitioner is attempting to improperly raise claims pursuant to two distinctly different statutes in a single action.[4]   Specifically, he raises claims pursuant to 28 U.S.C. § 2255 (insofar as he attempts to challenge his federal sentence in Case Number 3:89-cr-228-J-20TEM), and 28 U.S.C. § 2241 (insofar as he requests that the BOP be required to designate the state prison as the place in which he may

---

[3] Petitioner explains that his thirty month federal sentence is to be served consecutively to his fifteen year state sentence. Petition at 2.

[4] Indeed, although Petitioner states he is not attacking his federal sentence, upon review of the Petition, he is primarily attacking the federal sentence requiring the sentence of thirty months to run consecutively to the state term of imprisonment. Specifically, as relief, he seeks to have his federal sentence run concurrently with his state sentence, and he seeks to have the sentencing enhancement overturned.   Petition at 5, 9-10.

serve his federal sentence or challenges the calculation of his federal sentence by the BOP). If Petitioner seeks to modify his sentence in Case Number 3:89-cr-228-J-20TEM, he should file a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in Case Number 3:89-cr-228-J-20TEM. If Petitioner seeks the designation of the state prison as the place in which he may serve his federal sentence or challenges the calculation of his federal sentence by the BOP, he should file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### CONCLUSION

Accordingly, it is hereby **RECOMMENDED** that this case be **DISMISSED WITHOUT PREJUDICE** to Petitioner's right to raise his claims in this Court in the appropriate manner.

**DONE AND ORDERED** at Jacksonville, Florida, this 19th day of October, 2012.

THOMAS E. MORRIS
United States Magistrate Judge

sa 10/15
c:
Harold L. Andreu

4
